UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRICE NELSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MACY'S RETAIL HOLDINGS, LLC,<br><br>    Defendant. | Case No. 3:25-cv-05541-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. Nos. 21, 31 |

    Plaintiff, a former Macy's employee, brings this wage and hour class action on behalf of "fulfillment associates" who "handled, picked, packed, or processed packages or goods as part of international and/or interstate commerce" for Macy's in California. (Dkt. No. 1-1 at 7-8.) While the action was initially filed in the Contra Costa Superior Court, Macy's removed the action to this court under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1453(b). Macy's then moved to compel arbitration in accordance with an arbitration provision incorporated into Macy's new hire paperwork and to dismiss Plaintiff's putative class claims. (Dkt. No. 21.[1])

    On December 9, 2025, the Court issued an order stating it was inclined to deny Macy's motion to compel arbitration because Plaintiff was an exempt transportation worker under Section 1 of the Federal Arbitration Act (FAA). (Dkt. No. 31.) Because the Section 1 exemption only applies to transportation workers engaged in interstate commerce, the Court provided Macy's the opportunity to challenge Plaintiff's assertion that the merchandise delivered to her facility originated out-of-state. (*Id*. at 7-9; *see also* Dkt. No. 25, Nelson Declaration at ¶ 4 (attesting "the merchandise I handled included brands such as Versace, Dolce & Gabbana, Ralph Lauren, Adidas,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

and Calvin Klein, among other brands. My understanding is that these are the types of brands and/or products that are typically manufactured oversees, such as in Asia or Europe.").)  Macy's thereafter submitted a declaration from Daryl McDaniel, Director, Facility Operations Leader at the Hayward Distribution Center. (Dkt. No. 33 at 4.)  Mr. McDaniel's Declaration, however, says nothing about where the merchandise that is shipped to the Hayward Distribution Center (and then to the Concord Sunvalley facility where Plaintiff works) originates. Instead, he attests more than 55% of the merchandise came to the Hayward Distribution Center from a third-party facility in Santa Fe Springs, California, less than 40% came to the Hayward Distribution Center "directly from locations outside California," and less than 5% came to the Hayward Distribution Center from the MCS distribution center in City of Industry, California. (*Id*. at ¶¶ 5-6.)  This is non-responsive to Plaintiff's statement she handled merchandise that came from *overseas* and thus sheds no light on the interstate nature of merchandise at issue.  So, the McDaniel Declaration does not create a dispute as to whether Plaintiff was engaged in interstate commerce.  As in *Ortiz v. Randstad Inhouse Servs., LLC*, Plaintiff picks and packages merchandise "with the direct purpose of facilitating their continued travel through an interstate supply chain." 95 F.4th 1152, 1163 (9th Cir. 2024).

Accordingly, having considered the parties' original and supplemental submissions (Dkt. Nos. 34, 39), the Court DENIES Macy's motion to compel arbitration for the reasons stated in the Court's original order.  Based on controlling Ninth Circuit precedent Plaintiff is a transportation worker engaged in interstate commerce and thus exempt from the FAA under 9 U.S.C. § 1.

The February 4, 2026 case management conference remains on calendar.  The Court will vacate the case management conference if Macy's files a notice of appeal and seeks a stay as it is entitled to under *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023).

This Order disposes of Docket No. 21.

**IT IS SO ORDERED.**

Dated: January 7, 2026

JACQUELINE SCOTT CORLEY
United States District Judge